THE PEOPLE *ex rel.* Dwight H. Perkins, Appellant, *vs.*
PETER REINBERG *et al.* Appellees.

*Opinion filed April 20, 1916.*

1. FOREST PRESERVES—*when name proposed in second petition
may be adopted.* The provision of the Forest Preserve act that
the name of the district shall be the one proposed in the first peti-
tion filed, means the first petition which complies with the law and
is sufficient to give the court jurisdiction to act upon it and pro-
ceed with the organization of a forest preserve district, and if the
second petition filed·is the first one which complies with the law,
it is proper to adopt the name for the district proposed therein.

2. The other questions involved are controlled by the decision
in *Perkins* v. *Board of Commissioners,* 271 Ill. 449.

APPEAL from the Circuit Court of Cook county; the
Hon. FREDERICK A. SMITH, Judge, presiding.

MACLAY HOYNE, State's Attorney, (ALBERT M. KALES,
and ELMER M. LIESSMANN, of counsel,) for appellant.

ADOLPH D. WEINER, and FRANCIS A. McDONNELL,
(GREGORY & McNAB, and ALBERT S. LONG, of counsel,)
for appellees.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was an information in the nature of *quo warranto*
by Maclay Hoyne, State's attorney of Cook county, on the
relation of Dwight H. Perkins, a resident of that county,
against appellees, the individual members composing the
board of county commissioners of Cook county, requiring
them to show by what warrant or right they assume to ex-
ercise the powers, privileges, franchise and office of com-
missioners of the Forest Preserve District of Cook County,
Illinois, and as such to issue bonds of such district to the
amount of $1,000,000 and levy a tax to pay the principal
and interest on the same. Appellees filed a plea of justifi-
cation in bar of the action, setting forth proceedings had in

the circuit court of Cook county for the organization of a
forest preserve district under the provisions of an act en-
titled "An act to provide for the creation and management
of forest preserve districts and repealing certain acts there-
in named," approved June 27, 1913; that they were the
members composing the board of county commissioners of
Cook county, and, as such, commissioners of the forest pre-
serve district in question, and by that warrant exercising
the powers, privileges and franchise in question. The re-
lator interposed a general demurrer to the plea, which was
overruled, and he electing to abide by the demurrer, the
court entered judgment dismissing the petition and quash-
ing the information. This appeal followed.

The information contains five counts. The first count
challenges the right of appellees to act as such commission-
ers on the ground that the act to provide for the creation
and management of forest preserve districts and to repeal
certain acts therein named, under which the forest preserve
district in question is organized and appellees are assuming
to act, is unconstitutional and void. The second count chal-
lenges the rights of appellees on the ground that they are
the corporate authorities of Cook county, and as such are
not authorized to act as the corporate authorities of said
forest preserve district. The third, on the ground that the
district was not properly organized, for the reason that the
order of court which fixes the name of the district is that
set out in the second petition filed instead of the first peti-
tion filed, as is provided by the act. The fourth, on the
ground that the act in question does not authorize the com-
missioners to issue bonds of the district and levy a tax to
pay the principal and interest on the same for the purpose
of "creating" said forest preserve district, as provided in
the ordinance in question. The fifth, on the ground that
the ordinance pursuant to which said bonds are purported
to be issued and the tax levied to pay the principal and in-
terest thereon was published in the English language in a

newspaper published in the German language, instead of in a newspaper published in the English language.

The plea sets forth various of the provisions of the act of June 27, 1913, and alleges that appellees are members of the board of commissioners of Cook county and by said act are declared and appointed the commissioners of the Forest Preserve District of Cook County, which by the terms of said act is made a body corporate and politic. It also sets out the filing of three petitions addressed to the judges of the circuit court of Cook county for the organization of a forest preserve district in accordance with the provisions of that act. The second and third petitions are admitted to conform to the law. The first petition, filed on July 2, 1914, was as follows: "We, the undersigned legal voters residing within the limits of the Sanitary District of Chicago, hereby petition your honor to cause to be submitted to the legal voters of such sanitary district the question as to whether or not the territory comprised within such district shall be organized as a forest preserve district under the terms of an act of the General Assembly approved June 27, 1913." The second petition asks for the organization of a forest preserve district the limits and boundaries of which comprise the whole territory of Cook county, to be known as the Forest Preserve District of Cook County. The third petition asks for the organization of all the territory lying within the boundaries of and embraced in the county of Cook, to be known as the Cook County Forest Preserve District. The plea also sets up the order of the court entered on each petition, fixing the time for the hearing thereon and continuing the same until September 22, 1914; also the order entered on September 24, 1914, which finds the petition filed on July 2, 1914, (the first petition,) does not comply with the provisions of the act and orders it dismissed; that the petition filed August 4, 1914, (the second petition,) and the petition filed August 24, 1914, (the third petition,) comply with all of the provisions of

the act; that the territory described in the last two petitions is an area of contiguous territory lying wholly within one county and contains one or more natural forests or parts thereof and one or more cities, towns or villages, and that the order fixes and defines the boundaries of the proposed district as co-terminous with and embraced in the county of Cook, and that henceforth the proceedings relating to all of the petitions proceed in and under the petition filed August 4, 1914. The plea also shows the further proceedings had under the petition in accordance with the provisions of the act, resulting in the organization of the said district as the Forest Preserve District of Cook County, and that by "authority of section 13 of said act the commissioners, (naming them,) as the lawfully organized board of commissioners of the Forest Preserve District of Cook County, did on March 5, 1915, pass a certain ordinance, (a copy of which is attached to the information as exhibit 'A,') which ordinance was published in English on Friday, March 12, 1915, in the *Illinois Staats Zeitung,* a paper of general circulation published partly in English and partly in the German language in the city of Chicago and county of Cook, and that it is by virtue of their being the corporate authorities of Cook county and by force and virtue of the said act entitled 'An act to provide for the creation and management of forest preserve districts and repealing certain acts therein named,' approved June 27, 1913, they having taken the oath required by said act on February 11, 1915, etc., they did enter into the said offices as commissioners and officers of the said Forest Preserve District of Cook County, and have from and after the said 11th day of February, 1915, until the filing of said information, held the said offices and continued to exercise and perform the powers and duties thereof, as they lawfully might do and as they were and are required to do by the provisions of the said act of the General Assembly approved June 27, 1913." The plea con-

cludes with an *absque hoc*, a verification and a prayer for judgment.

All parties concede that the identical points relied upon for reversal in this case were relied upon in the case of *Perkins* v. *Board of Comrs.* 271 Ill. 449. In addition appellant urges the following point, viz., that the Forest Preserve District of Cook County was not organized as provided by law, for the reason that the order of the circuit court fixing its name fixed the same as that set out in the second petition filed instead of that set out in the first petition filed. In so far as the same questions are involved in this case that are involved in *Perkins* v. *Board of Comrs. supra,* the decision rendered in that case must govern and control the decision in this case.

As to the contention that the proceedings for the organization of the district are illegal and void for the reason that the name adopted was that stated in the second petition and not in the first petition filed, the second petition was the first petition filed that contained a name for the proposed district. What is meant by the act when it says the name of the district shall be the name proposed in the first petition is the first petition filed which complies with that law and is sufficient to give the court jurisdiction to act upon it and proceed with the organization of a forest preserve district under it. The name of the proposed district is just as essential to the petition as it is that the petition set forth the boundaries of the territory proposed to be included therein, and a petition filed which does not comply with the act in this respect is so defective that no valid district could be organized under it. Such is the situation presented here. The first petition filed did not contain the name of any proposed district. It was therefore a nullity and did not give the court jurisdiction to act in the premises. It was properly dismissed and was thereafter eliminated from the consideration of the court. The second petition, filed August 4, 1914, was the first petition filed that

complied with the law, and after the dismissal of the first petition above referred to became, in its order, the first petition which could properly be considered and was the one under which all of the proceedings for the organization of the district were had. It was the proper petition to proceed under, and we see no error in proceeding under the petition in question and fixing the name of the district from that petition. The ordinance, however, providing for the bond issue was not properly published, as held in *Perkins* v. *Board of Comrs. supra,* and for the reasons given in that case the judgment of the circuit court is reversed and the cause remanded for further proceedings consistent with this opinion.　　　　　　　　　　*Reversed and remanded.*